**UNITED STATES DISTRICT COURT**

**DISTRICT OF NEVADA**

\* \* \*

| | |
|---|---|
| WILLIE T. SMITH,<br><br>　　　　　　　Plaintiff,<br><br>v.<br><br>AARON FORD, *et al.*,<br><br>　　　　　　　Defendants. | Case No. 3:20-CV-00501-JAD-CLB<br><br>**ORDER DENYING MOTION TO VACATE SCREENING ORDER AND DENYING AS PREMATURE MOTION FOR SUMMARY JUDGMENT**<br><br>[ECF Nos. 24, 33] |

Before the Court are Plaintiff Willie T. Smith's ("Smith") motion to vacate screening order and motion for summary judgment. (ECF Nos. 24, 33.) No responses were filed. The Court will address each motion in turn.

**I.　　Motion to Vacate Screening Order**

Smith's motion to vacate screening order is a one-page document that asks the Court to "vacate its screening order that overrules the Ninth Circuit's holding in *Burnsworth v. Gunderson*, 179 F.3d 771, 775 (9th Cir. 1999)." (ECF No. 24.) The Court construes this as a motion for reconsideration. A motion for reconsideration "should not be granted, absent highly unusual circumstances." *Marlyn Nutraceuticals, Inc. v. Mucos Pharma GmbH & Co.*, 571 F.3d 873, 880 (9th Cir. 2009). "Reconsideration is appropriate if the district court (1) is presented with newly discovered evidence, (2) committed clear error or the initial decision was manifestly unjust, or (3) if there is an intervening change in controlling law." *School Dist. No. 1J v. ACandS, Inc.*, 5 F.3d 1255, 1263 (9th Cir. 1993). Rule 60(b) "permits a district court to reconsider and amend a previous order," however "the rule offers an extraordinary remedy, to be used sparingly in the interests of finality and conservation of judicial resources." *Carroll v. Nakatani*, 342 F.3d 934, 945 (9th Cir. 2003) (internal quotations omitted). Smith's conclusory statement and citation to a 1999 case does not present a valid basis for reconsideration. Accordingly, the motion to vacate screening order, (ECF No. 24), is **DENIED**.

## II. Motion for Summary Judgment

Smith's motion for summary judgment asserts that there is no genuine dispute as to any material fact and Smith is entitled to judgment as a matter of law. (ECF No. 33.) Pursuant to Rule 56, a party can file a motion for summary judgment "at any time" and does not have to wait for discovery to commence or conclude. Fed. R. Civ. P. 56. However, such motions generally should not be made before there has been adequate time for discovery. *Ferm v. Crown Equity Holdings, Inc.*, 2011 U.S. Dist. LEXIS 84433, 2011 WL 3300210 (quoting *Phongsavane v. Potter*, No. CIV.A. SA-05-CA-0219-XR, 2005 U.S. Dist. LEXIS 12439, 2005 WL 1514091, at *5 (W.D. Tex. June 24, 2005)); *Celotex Corp. v. Catrett*, 477 U.S. 317, 322, 106 S.Ct. 2548, 91 L.Ed.2d 265 (1986); *Mohamed v. Jeppesen Dataplan, Inc.*, 614 F.3d 1070, 1100 n.15 (9th Cir. 2009); *Garrett v. City & County of San Francisco*, 818 F.2d 1515, 1518 (9th Cir. 1987).

To date, no defendant has answered or otherwise responded to the complaint. Moreover, no discovery plan and scheduling order has been entered in this case. Thus, the parties have not had a meaningful opportunity to conduct discovery or receive any discovery responses prior to the filing of the motion. *Moore v.* Hubbard, No. CIV S-06-2187-FCD-EFB, 2009 U.S. Dist. LEXIS 20513, 2009 WL 688897 at *1 (E.D. Cal., Mar. 13. 2009). As such, there has not been a sufficient opportunity to receive evidence to support or oppose the motion and therefore the motion is premature. Accordingly, Smith's motion for summary judgment, (ECF No. 33), is **DENIED without prejudice**.

**DATED**: November 3, 2021 .

_____
**UNITED STATES MAGISTRATE JUDGE**