**UNITED STATES DISTRICT COURT**

**DISTRICT OF NEVADA**

* * *

| | |
|---|---|
| WILLIE T. SMITH, | Case No. 3:20-cv-00501-ART-CLB |
| Plaintiff, | **REPORT AND RECOMMENDATION OF U.S. MAGISTRATE JUDGE**[1] |
| v. | |
| AARON FORD, *et. al.,* | [ECF No. 67] |
| Defendants. | |

This case involves a civil rights action filed by Plaintiff Willie Smith ("Smith") against Defendants Douglas Thrasher ("Thrasher") and Sha'Kayla St. Mary ("St. Mary")[2] (collectively referred to as "Defendants"). Currently pending before the Court is Defendants' motion for summary judgment. (ECF Nos. 67, 68.)[3] On November 29, 2022, the Court gave Smith notice of Defendants' motion pursuant to the requirements of *Klingele v. Eikenberry*, 849 F.2d 409 (9th Cir. 1988), and *Rand v. Rowland*, 154 F.3d 952 (9th Cir. 1998). (ECF No. 70.) Despite the Court *sua sponte* granting an extension of time, (ECF No. 71), Smith has failed to file an opposition to the motion. For the reasons stated below, the Court recommends that Defendants' motion for summary judgment, (ECF No. 67), be granted.

///

///

_____

[1]     This Report and Recommendation is made to the Honorable Anne R. Traum, United States District Judge. The action was referred to the undersigned Magistrate Judge pursuant to 28 U.S.C. § 636(b)(1)(B) and LR IB 1-4.

[2]     While Smith names Defendant St. Mary as "Shakayla" in his complaint, (*See* ECF No. 8), the Court will refer to her throughout this Report and Recommendation by her last name.

[3]     ECF No. 68 is a notice of manual filing that consists of an audio recording of a Disciplinary Hearing presented in CD format.

## I.   FACTUAL BACKGROUND AND PROCEDURAL HISTORY

Smith is formerly an inmate of the Nevada Department of Corrections ("NDOC"). (ECF No. 66.) On September 2, 2020, proceeding *pro se*, Smith filed an inmate civil rights complaint pursuant to 42 U.S.C. § 1983, ("Complaint"), for events that occurred while he was incarcerated at the Southern Desert Correctional Center ("SDCC"). (ECF No. 8.) The Complaint was screened in accordance with 28 U.S.C. § 1915A(a). (ECF No. 7.) The Court allowed Smith to proceed on one claim for a Fourteenth Amendment procedural due process claim against Defendants Thrasher and St. Mary and dismissed his other claims with prejudice. (*Id.*) Smith's due process claim is based on allegations that Thrasher and St. Mary charged Smith with a battery violation without any evidence to support the charge. (ECF No. 7 at 6:6-8.)

On September 20, 2018, the day of the incident, Thrasher issued Smith a Notice of Charges for a Major Violation ("MJ") 3 – Battery. (ECF No. 67-1 at 7.) According to the Notice of Charges[4] regarding this incident, the following occurred:

> On September 20, 2018 I Senior Officer Thrasher was assigned to Search and Escort at Southern Desert Correctional Center from 0500-1300 hours. At approximately 0715 during morning feeding Unit 6 was split into chow halls A and B. While Unit 6 was returning to the unit at the conclusion of feeding[,] inmate Smith, Willie #91949 exited the culinary with a Styrofoam tray filled with bread. I instructed inmate Smith to throw it in the trash. Inmate Smith removed all the bread from the tray and began to walk away. I then instructed inmate Smith to throw the bread away as previously instructed. Inmate Smith then threw all the bread on the ground. I approached inmate Smith and told him to pick up the bread[,] inmate Smith replied "What the fuck you gonna (sic) do." I instructed inmate Smith to get on the wall but he refused. I placed my right hand on inmate Smith['s] left arm and began to move him in the direction of the wall. Inmate Smith immediately began resisting and attempted to throw an overhand left punch. The punch missed my head and I fell to my knees. I immediately got to my feet to engage the inmate. When I looked up Officer[s] Thompson and Argueta were attempting to take control of the inmate[,] as inmate Smith was continuously throwing punches in an effort to strike Officers. Officer Thompson grabbed inmate Smith by the upper torso and attempted to take the inmate to the ground.

---

[4]   Defendant Thrasher also submits a declaration in support of the motion for summary judgment, (ECF No. 67-2), which is consistent with the narrative contained in the Notice of Charges, (ECF No. 67-1 at 7).

Inmate Smith continued fighting and pulling away[,] pushing Officer Thompson towards the hill in front of the culinary. When I got to my feet and rushed to assist Officer[] Thompson in controlling the inmate[,] I grabbed inmate[] Smith['s] [b]ack attempting to drag him to the ground and prevent Officer Thompson from falling down the [h]ill, but the momentum of the inmate[']s pushing was to[o] great and it forced all three of us to fall down the hill. The fall was approximately 3 feet in height with large rocks at the base. Officer Thompson [l]anded flat on his back striking his head on the rocks with the inmate landing on top of him. I landed just to the left of Officer Thompson. I immediately got to my feet and pulled inmate Smith off of Officer Thompson with the assistance of Officer Argueta. Inmate Smith continued to fight[,] attempting to get to his feet. Myself and Officer Argueta took control of inmate Smith's upper body and arms attempting to secure his hands behind his back in order to apply mechanical restraints. Inmate Smith continued to fight pulling his arms under his body. Myself, Officer[] Argueta and Sergeant Banks managed to secure the inmate[']s lower extremities and gain control of his wrists forcing them behind his back and into mechanical restraints. Inmate Smith was carried to the Search and Escort cart and escorted to medical. Medical was summoned to the front of the culinary to provide medical attention to Officer Thompson who had a laceration to the back of his head and was profusely bleeding. Inmate Smith was carried into the infirmary and placed in a holding cell under video recording. Myself, Officer[s] Thompson, Argueta, Aviles[,] and Sergeant Banks received injuries of varying degree from the altercation. All officers were seen by medical and advised to go to Concentra. End of Report.

(*Id.* at 7, 5.)[5]

On October 15, 2018, a preliminary institutional inquiry and disposition found that Smith should be referred for a disciplinary hearing on the charge of Battery. (*Id.* at 5-6.) Pursuant to the NDOC's Administrative Regulation ("AR") regarding the inmate disciplinary process, AR 707.5, a MJ3 – Battery is defined as "any willful use of force or

---

[5]    The Court is troubled by what appears to be mischaracterizations of Thrasher's report by defense counsel. As one example, both the Notice of Charges (ECF No. 67-1 at 7), and Thrasher's Declaration (ECF No. 67-2), state Smith "attempted to throw an overhand left punch. The punch missed my head and I fell to my knees." However, defense counsel states in the motion that "Smith threw an overhand punch at Officer Thrasher's head *knocking* him to the ground." (ECF No. 67 at 2:17-18 (citing Declaration of Thrasher, 67-2 at 2)) (emphasis added.) This is not the first time that this Court has cautioned attorneys for the Nevada Attorney General's Office about mischaracterizing facts of cases to this Court. Defense Counsel is cautioned *for the last time* that any further mischaracterization of facts filed in documents to the Court, in this or any other case, will result in sanctions.

1    violence upon the person of another." (ECF No. 67-7 at 8.)

2        The disciplinary hearing was held on January 1, 2019 before Disciplinary Hearing

3    Officer Barth ("Barth"). (ECF No. 67-1 at 2-4.) Smith was advised of his right to call

4    witnesses and present evidence but chose not to call any witnesses. (*Id.* at 4.) Smith did

5    not request counsel. (*Id.*) Smith pled not guilty to the battery charge, arguing his punches

6    did not physically touch any of the officers and therefore he did not commit a "battery."

7    (ECF No. 68.) Barth found that the charge of battery did not require a physical touch but

8    found that Smith "throwing punches" constituted violence against the Officers, which

9    satisfied the definition of battery pursuant to the AR. (*Id.*) Ultimately, Smith was found

10    guilty of the battery charge and notified of his right to appeal. (*Id.*; ECF No. 67-1 at 2-4.)

11        On November 28, 2022, Smith filed the instant motion for summary judgment

12    arguing that (1) the official-capacity claims for money damages must be dismissed; (2)

13    Smith failed to exhaust his administrative remedies; (3) the evidence does not establish a

14    due process violation; and (4) Defendants are entitled to qualified immunity. (ECF No. 67.)

15    **II.    LEGAL STANDARDS**

16        "The court shall grant summary judgment if the movant shows that there is no

17    genuine dispute as to any material fact and the movant is entitled to judgment as a matter

18    of law." Fed. R. Civ. P. 56(a); *Celotex Corp. v. Catrett*, 477 U.S. 317, 322 (1986). The

19    substantive law applicable to the claim determines which facts are material. *Coles v.*

20    *Eagle*, 704 F.3d 624, 628 (9th Cir. 2012) (citing *Anderson v. Liberty Lobby*, 477 U.S. 242,

21    248 (1986)). Only disputes over facts that address the main legal question of the suit can

22    preclude summary judgment, and factual disputes that are irrelevant are not material.

23    *Frlekin v. Apple, Inc.*, 979 F.3d 639, 644 (9th Cir. 2020). A dispute is "genuine" only where

24    a reasonable jury could find for the nonmoving party. *Anderson*, 477 U.S. at 248.

25        The parties subject to a motion for summary judgment must: (1) cite facts from the

26    record, including but not limited to depositions, documents, and declarations, and then (2)

27    "show[] that the materials cited do not establish the absence or presence of a genuine

28    dispute, or that an adverse party cannot produce admissible evidence to support the fact."

Fed. R. Civ. P. 56(c)(1). Documents submitted during summary judgment must be authenticated, and if only personal knowledge authenticates a document (i.e., even a review of the contents of the document would not prove that it is authentic), an affidavit attesting to its authenticity must be attached to the submitted document. *Las Vegas Sands, LLC v. Neheme*, 632 F.3d 526, 532-33 (9th Cir. 2011). Conclusory statements, speculative opinions, pleading allegations, or other assertions uncorroborated by facts are insufficient to establish the absence or presence of a genuine dispute. *Soremekun v. Thrifty Payless, Inc.*, 509 F.3d 978, 984 (9th Cir. 2007).

The moving party bears the initial burden of demonstrating an absence of a genuine dispute. *Soremekun*, 509 F.3d at 984. "Where the moving party will have the burden of proof on an issue at trial, the movant must affirmatively demonstrate that no reasonable trier of fact could find other than for the moving party." *Soremekun*, 509 F.3d at 984. However, if the moving party does not bear the burden of proof at trial, the moving party may meet their initial burden by demonstrating either: (1) there is an absence of evidence to support an essential element of the nonmoving party's claim or claims; or (2) submitting admissible evidence that establishes the record forecloses the possibility of a reasonable jury finding in favor of the nonmoving party. *See Pakootas v. Teck Cominco Metals, Ltd.*, 905 F.3d 565, 593-94 (9th Cir. 2018); *Nissan Fire & Marine Ins. Co. v. Fritz Cos*., 210 F.3d 1099, 1102 (9th Cir. 2000). The court views all evidence and any inferences arising therefrom in the light most favorable to the nonmoving party. *Colwell v. Bannister*, 763 F.3d 1060, 1065 (9th Cir. 2014). If the moving party does not meet its burden for summary judgment, the nonmoving party is not required to provide evidentiary materials to oppose the motion, and the court will deny summary judgment. *Celotex*, 477 U.S. at 322-23.

Where the moving party has met its burden, however, the burden shifts to the nonmoving party to establish that a genuine issue of material fact actually exists. *Matsushita Elec. Indus. Co. v. Zenith Radio Corp.,* 475 U.S. 574, 586, (1986). The nonmoving must "go beyond the pleadings" to meet this burden. *Pac. Gulf Shipping Co. v. Vigorous Shipping & Trading S.A.*, 992 F.3d 893, 897 (9th Cir. 2021) (internal quotation

omitted). In other words, the nonmoving party may not simply rely upon the allegations or denials of its pleadings; rather, they must tender evidence of specific facts in the form of affidavits, and/or admissible discovery material in support of its contention that such a dispute exists. *See* Fed. R. Civ. P. 56(c); *Matsushita,* 475 U.S. at 586 n. 11. This burden is "not a light one," and requires the nonmoving party to "show more than the mere existence of a scintilla of evidence." *Id.* (quoting *In re Oracle Corp. Sec. Litig.*, 627 F.3d 376, 387 (9th Cir. 2010)). The non-moving party "must come forth with evidence from which a jury could reasonably render a verdict in the non-moving party's favor." *Pac. Gulf Shipping Co.*, 992 F.3d at 898 (quoting *Oracle Corp. Sec. Litig.*, 627 F.3d at 387). Mere assertions and "metaphysical doubt as to the material facts" will not defeat a properly supported and meritorious summary judgment motion. *Matsushita Elec. Indus. Co. v. Zenith Radio Corp.*, 475 U.S. 574, 586–87 (1986).

When a *pro se* litigant opposes summary judgment, his or her contentions in motions and pleadings may be considered as evidence to meet the non-party's burden to the extent: (1) contents of the document are based on personal knowledge, (2) they set forth facts that would be admissible into evidence, and (3) the litigant attested under penalty of perjury that they were true and correct. *Jones v. Blanas*, 393 F.3d 918, 923 (9th Cir. 2004).

Upon the parties meeting their respective burdens for the motion for summary judgment, the court determines whether reasonable minds could differ when interpreting the record; the court does not weigh the evidence or determine its truth. *Velazquez v. City of Long Beach*, 793 F.3d 1010, 1018 (9th Cir. 2015). The court may consider evidence in the record not cited by the parties, but it is not required to do so. Fed. R. Civ. P. 56(c)(3). Nevertheless, the court will view the cited records before it and will not mine the record for triable issues of fact. *Oracle Corp. Sec. Litig.*, 627 F.3d at 386 (if a nonmoving party does not make nor provide support for a possible objection, the court will likewise not consider it).

///

1

2

3

4

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

### III.    DISCUSSION

The Due Process Clause of the Fourteenth Amendment prohibits states from depriving individuals of "life, liberty, or property, without due process of law." U.S. Const. amend. XIV, § 1. However, to invoke the procedural protections of due process, a plaintiff must first identify the protected liberty interest that is at stake. *Wilkinson v. Austin*, 545 U.S. 209, 221 (2005). Liberty interests may arise from the Constitution or from an expectation created by state statutes and prison regulations. *Id.*; *Neal v. Shimoda*, 131 F.3d 818, 827 (9th Cir. 1997). In the prison setting, a liberty interest arises from the Constitution when the conditions of confinement "exceed[] the sentence in such an unexpected manner as to give rise to protection by the Due Process Clause of its own force . . . ." *Sandin v. Conner*, 515 U.S. 472, 484 (1995). A liberty interest created by the state is generally limited to "freedom from restraint which, while not exceeding the sentence in such an unexpected manner as to give rise to protection by the Due Process Clause of its own force, nonetheless imposes atypical and significant hardship on the inmate in relation to the ordinary incidents of prison life." *Id.*

Courts analyze procedural due process claims in two parts. First, the Court must determine whether the plaintiff possessed a protected interest. If so, the Court next compares the required level of process with the procedures the defendant observed. *Brown v. Ore. Dep't of Corrs.*, 751 F.3d 983, 987 (9th Cir. 2014). To prevail on a claim, plaintiff must have a protected liberty interest, and the defendant's procedures must be constitutionally inadequate. *Id.*

When an inmate faces disciplinary charges, due process requires that the inmate receive: (1) a written statement at least 24 hours before the disciplinary hearing that includes the charges, a description of the evidence against the prisoner, and an explanation for the disciplinary action taken; (2) an opportunity to present documentary evidence and call witnesses, unless calling witnesses would interfere with institutional security; and (3) legal assistance where the charges are complex or the inmate is illiterate. *See Wolff v. McDonnell*, 418 U.S. 539, 563-570 (1974). "When prison officials limit an

inmate's efforts to defend himself, they must have a legitimate penological reason." *Koenig v. Vannelli*, 971 F.2d 422, 423 (9th Cir. 1992).

"Chief among the due process minima outlined in *Wolff* [is] the right of an inmate to call and present witnesses and documentary evidence in his defense before the disciplinary board." *Ponte v. Real*, 471 U.S. 491, 495 (1985). Ordinarily, the right to present evidence is basic to a fair hearing. *Id.* However, "the prisoner's right to call witnesses and present evidence in disciplinary proceedings could be denied if granting the request would be 'unduly hazardous to institutional safety or correctional goals.'" *Id.* (citing *Baxter v. Palmigiano*, 425 U.S. 308, 321 (1976) (citing *Wolff*, 418 U.S. at 566)); *see also Hughes v. Rowe*, 449 U.S. 5, 9, and n. 6 (1980). While "prison officials may not arbitrarily deny an inmate's request to present witnesses or documentary evidence", *see Graham v. Baughman*, 772 F.2d 441, 444 (8th Cir. 1985); *accord Bartholomew v. Watson*, 665 F.2d 915, 918 (9th Cir. 1982), "[p]rison officials must have the necessary discretion to keep the hearing within reasonable limits and to refuse to call witnesses [or produce documentary evidence] that may create a risk of reprisal or undermine authority...." *Ponte*, 471 U.S. at 496. The burden of proving adequate justification for denial of a request to present witnesses or produce documentary evidence rests with the prison officials. *Id.* at 499; *Graham*, 772 F.2d at 445; *Bostic v. Carlson*, 884 F.2d 1267, 1273 (9th Cir. 1989). "[I]f state procedures rise above the floor set by the due process clause, a state could fail to follow its own procedures yet still provide sufficient process to survive constitutional scrutiny." *Walker v. Sumner*, 14 F.3d 1415, 1420 (9th Cir. 1994). Thus, an inmate's right to due process is violated only if he is not provided with process sufficient to meet the standards outlined in *Wolff*. *Id.*

### 1. Analysis

Smith's due process claim is based on allegations that Thrasher and St. Mary charged Smith with a battery violation without any evidence to support the charge. (ECF No. 7 at 6:6-8.) However, aside from the allegations in his complaint, Smith does not provide any evidence that charges were based on false allegations. Mere assertions and

pleading allegations will not defeat a properly supported and meritorious summary judgment motion. *Matsushita*, 475 U.S. at 586–87. Additionally, both the Notice of Charges (ECF No. 67-1 at 7), and Thrasher's sworn declaration (ECF No. 67-2), present the same facts and support the battery charge based on the "throwing of punches".

To the extent Smith disagreed with the battery charge based on his punches not "physically touching" any of the Officers, this is ultimately immaterial to the due process analysis. First, the Disciplinary Hearing Officer specifically found that the throwing of punches was "violent" and sufficient to constitute a battery under the NDOC's AR. (ECF No. 68.) Second, a review of the Notice of Charges for the September 2018 incident and the summary of the hearing for the Notice of Charges, shows Smith was given a proper hearing before being sentenced to disciplinary segregation. (*See* ECF No. 67-1.)  Smith was served with the notice of charges within twenty-four hours of the hearing, he was given an opportunity to present evidence and call witnesses, and he did not request counsel. *See Wolff*, 418 U.S. at 563-70 (outlining what prison officials must provide an inmate when a protected liberty interest exists and inmate faces disciplinary charges). Thus, even though Smith may disagree with the charge of battery, he does not present any evidence of falsified information provided by Officers and more importantly, he does not present any argument or evidence that he was not afforded proper procedural due process.

For all of these reasons, Defendants have met their burden on summary judgment as they have submitted admissible evidence establishing that Smith was afforded proper procedural due process.

The burden now shifts to Smith to establish that a genuine issue of material fact actually exists. Smith must "go beyond the pleadings" to meet this burden. *Pac. Gulf Shipping Co.*, 992 F.3d at 897. Smith did not oppose the motion and did not submit any evidence in opposition to the motion. Therefore, Smith has presented no evidence to show Defendants charged him with a battery violation without any evidence to support the charge and further, he has presented no evidence to show he was not afforded proper

procedural due process. Accordingly, Smith has failed to meet his burden on summary judgment to show a genuine issue of fact exists with respect to whether Defendants violated his Fourteenth Amendment due process rights. Based on all the above, the Court recommends that Defendants' motion for summary judgment be granted.[6]

## IV.    CONCLUSION

For good cause appearing and for the reasons stated above, the Court recommends that Defendants' motion for summary judgment, (ECF No. 67), be grant.

The parties are advised:

1.    Pursuant to 28 U.S.C. § 636(b)(1)(c) and Rule IB 3-2 of the Local Rules of Practice, the parties may file specific written objections to this Report and Recommendation within fourteen days of receipt. These objections should be entitled "Objections to Magistrate Judge's Report and Recommendation" and should be accompanied by points and authorities for consideration by the District Court.

2.    This Report and Recommendation is not an appealable order and any notice of appeal pursuant to Fed. R. App. P. 4(a)(1) should not be filed until entry of the District Court's judgment.

## V.    RECOMMENDATION

**IT IS RECOMMENDED** that Defendants' motion for summary judgment, (ECF No. 67), be **GRANTED**.

**IT IS FURTHER RECOMMENDED** that the Clerk of Court **ENTER JUDGMENT** accordingly and **CLOSE** this case.

**DATED**: ___January 26, 2023___.

_____
**UNITED STATES MAGISTRATE JUDGE**

---

[6]    Because the Court finds that Smith's claim fails on the merits, it need not address Defendants' other arguments and defenses.