UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

* * *

| | |
|---|---|
| WILLIE T. SMITH,<br><br>　　　　　　　　　Plaintiff,<br>　v.<br>AARON FORD, ET. AL.,<br>　　　　　　　　　Defendants. | Case No. 3:20-cv-00501-ART-CLB<br><br>ORDER |

*Pro se* Plaintiff Willie Smith ("Smith") brings this action under 42 U.S.C. § 1983. Before the Court is the Report and Recommendation ("R&R" or "Recommendation") of United States Magistrate Judge Carla Baldwin (ECF No. 72), recommending that Defendants' motion for summary judgment, (ECF No. 67), be granted and this case be closed. For the reasons explained below the Court adopts the R&R.

Smith is formerly an inmate of the Nevada Department of Corrections ("NDOC"). (ECF No. 66.) On September 2, 2020, proceeding pro se, Smith filed an inmate civil rights complaint pursuant to 42 U.S.C. § 1983, ("Complaint"), for events that occurred while he was incarcerated at the Southern Desert Correctional Center ("SDCC"). (ECF No. 8.) The Complaint was screened in accordance with 28 U.S.C. § 1915A(a). (ECF No. 7.) The Court allowed Smith to proceed on one claim for a Fourteenth Amendment procedural due process claim against Defendants Thrasher and St. Mary and dismissed his other claims with prejudice. (*Id.*) Smith's due process claim is based on allegations that Thrasher and St. Mary charged Smith with a battery violation without any evidence to support the charge.

On October 15, 2018, a preliminary institutional inquiry and disposition found that Smith should be referred for a disciplinary hearing on the charge of Battery. (*Id.* at 5-6.)

The disciplinary hearing was held on January 1, 2019, before Disciplinary Hearing Officer Barth ("Barth"). (ECF No. 67-1 at 2-4.) Smith was advised of his right to call witnesses and present evidence but chose not to call any witnesses. (*Id.* at 4.) Smith did not request counsel. (*Id.*) Smith pled not guilty to the battery charge, arguing his punches did not physically touch any of the officers and therefore he did not commit a "battery." (ECF No. 68.) Barth found that the charge of battery did not require a physical touch but found that Smith "throwing punches" constituted violence against the Officers, which satisfied the definition of battery pursuant to the AR. (*Id.*) Ultimately, Smith was found guilty of the battery charge and notified of his right to appeal. (*Id.*; ECF No. 67-1 at 2-4.) (ECF No. 7 at 6:6-8.)

On November 28, 2022, Defendants filed a motion for summary judgment arguing that (1) the official-capacity claims for money damages must be dismissed; (2) Smith failed to exhaust his administrative remedies; (3) the evidence does not establish a due process violation; and (4) Defendants are entitled to qualified immunity. (ECF No. 67.) Judge Baldwin found that the Defendants met their burden on summary judgment as they submitted admissible evidence establishing that Smith was afforded proper procedural due process. Smith did not oppose the motion and did not submit any evidence in opposition to the motion. Therefore, Smith has presented no evidence to show Defendants charged him with a battery violation without any evidence to support the charge and further, he has presented no evidence to show he was not afforded proper procedural due process. Accordingly, Smith has failed to meet his burden on summary judgment to show a genuine issue of fact exists with respect to whether Defendants violated his Fourteenth Amendment due process

rights. Judge Baldwin thus recommends that Defendants' motion for summary judgment be granted.

The Court "may accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate judge." 28 U.S.C. § 636(b)(1). Where a party fails to object to a magistrate judge's recommendation, the Court is not required to conduct "any review at all . . . of any issue that is not the subject of an objection." *Thomas v. Arn*, 474 U.S. 140, 149 (1985); *see also United States v. Reyna-Tapia*, 328 F.3d 1114, 1116 (9th Cir. 2003) ("De novo review of the magistrate judges' findings and recommendations is required if, but *only* if, one or both parties file objections to the findings and recommendations.")(emphasis in original); Fed. R. Civ. P. 72, Advisory Committee Notes (1983) (providing that the Court "need only satisfy itself that there is no clear error on the face of the record in order to accept the recommendation.").

Because there is no objection, the Court need not conduct de novo review, and is satisfied Judge Baldwin did not clearly err. Having reviewed the R&R and the record in this case, the Court will adopt the R&R in full.

IT IS THEREFORE ORDERED that Judge Baldwin's Report and Recommendation (ECF No. 72) is accepted and adopted in full;

IT IS FURTHER ORDERED that Defendants' motion for summary judgment (ECF No. 67) is GRANTED;

IT IS FURTHER ORDERED that Clerk of Court ENTER JUDGMENT accordingly and CLOSE this case.

DATED THIS 28th Day of February 2023.

_____
ANNE R. TRAUM
UNITED STATES DISTRICT JUDGE